Barron L. Weinstein, State Bar No. 67972
BLANK ROME LLP
2029 Century Park East
Los Angeles, CA 90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434
Email: barry.weinstein@blankrome.com

Jeffrey L. Schulman (pro hac vice)
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5145
Facsimile: (212) 885-5001
Email: jeffrey.schulman@blankrome.com

*Attorneys for The Roman Catholic Archbishop of San Francisco*
(additional counsel listed on signature page)

Blaise S. Curet, State Bar No. 124983
Melissa A. Dubbs, State Bar No. 163650
SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 Powell Street, Suite 830
Emeryville, California 94608
Telephone: (415) 352-6200
Facsimile: (415) 352-6224
Email: bcuret@spcclaw.com
mdubbs@spcclaw.com

*Attorneys for Westport Insurance Company f/k/a Employers Reinsurance Corporation*
(additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, FORMERLY KNOWN AS EMPLOYERS' REINSURANCE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, a corporation sole, and DOES 1 through 50,<br><br>Defendants. | Case No. 3:25-cv-09314<br><br>**INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: February 3, 2026<br>Location: Zoom<br><br>The Hon. Hon. William H. Orrick<br><br>Civil Local Rule 16-9 |

Plaintiff Westport Insurance Corporation ("Westport"), formerly known as Employers' Reinsurance Corporation ("ERC") and Defendant The Roman Catholic Archbishop of San Francisco ("RCASF"), the debtor and debtor in possession in the underlying chapter 11 case (the "RCASF" or the "Debtor"), and Intervenor, the Official Committee of Unsecured Creditors (the "Committee" or the "Intervenor"), representing unsecured creditors including childhood sexual abuse survivor claimants in the underlying chapter 11 case, submit this Initial Joint Case

Management Statement pursuant to Federal Rule of Civil Procedure 26, the Standing Order for All Judges of the Northern District of California, Local Civil Rule 16-9, and the Court's December 10, 2025 Order Withdrawing the Reference [Dkt. 33] for the Initial Case Management Conference Hearing set for February 3, 2026.

## 1. **JURISDICTION AND SERVICE**

**Westport's Statement**:

The Court has subject matter jurisdiction over Westport's claims under 28 U.S.C. §§ 157 and 1334. Westport has served all parties to its action.

**RCASF's Statement:**

RCASF has filed and served its motion to stay or, in the alternative, dismiss Westport's Complaint ("Stay Motion"), and this Stay Motion is fully briefed. RCASF seeks to have the pleadings related to its Stay Motion before the District Court and set for hearing. In addition, another adversary proceeding was recently commenced against RCASF by St. Paul Fire and Marine Insurance Company and Travelers Casualty and Surety Company ("Travelers Adversary Proceeding"). Counsel for the Travelers insurers intend to move for withdrawal of the reference and deem the Travelers Adversary Proceeding to be related to the action presently before this Court. Thus, the Travelers Adversary Proceeding, which has substantially similar causes of action and requests for relief as those asserted by Westport (and which the insurers deem to be related), will likely also ultimately be before this Court. The Stay Motion details the irreparable harm that RCASF would improperly suffer if this action were to proceed at this time and why California Supreme Court and Supreme Court authorities require that this insurance coverage actions be stayed or dismissed pending the ultimate outcome of the underlying litigation. *See*, *e.g.*, *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 301-02 (1993); *Montrose Chem. Corp. v. Superior Court*, 25 Cal. App. 4th 902, 907-11 (1994); *David Kleis, Inc. v. Superior Court*, 37 Cal. App. 4th 1035, 1051 (1995) and *Landis v. North American Co.*, 299 U.S. 248 (1936) ("*Landis*"). For these reasons, RCASF respectfully submits that the Case Management Conference should be adjourned until after the adjudication of RCASF's pending Stay Motion and the relatedness of this case with the Travelers Adversary Proceeding (which may also involve pre-answer motion practice) is

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 • FAX (415) 352-6224

determined.

## 2. FACTS

**Westport's Statement**:

More than 500 claims were filed against RCASF during the California Child Victims Act lookback period, and RCASF has asserted that more than 100 of those claims implicate the ERC excess policy. Westport filed this adversary proceeding seeking declaratory relief regarding coverage under the ERC excess liability policy issued to RCASF for the claims tendered to Westport and arising out of coordinated proceedings styled *In re Northern California Clergy Cases*, JCCP No. 5108, pending in Alameda County Superior Court.[1]

RCASF filed for chapter 11 protection on August 21, 2023. The bankruptcy court subsequently lifted the automatic stay as to a limited set of "Released Cases." The actions brought by two of claimants in the Released Cases have now been resolved through a settlement funded by insurers, including Westport, which contributed to the settlement of these cases subject to its rights

---

[1] Westport seeks to adjudicate that it:

a. Has no duty to afford coverage for the claims that arise from allegations of abuse by Father Joseph Pritchard or, at a minimum, that Westport has no duty to afford coverage to the RCASF for Underlying Claims that arise from allegations of abuse by Father Joseph Pritchard after December 31, 1973 based on a 2005 jury verdict, which found that "the Archbishop of San Francisco, by December 31, 1973, kn[e]w or ha[d] reason to know, or was . . . otherwise on notice, that Father Joseph Pritchard had committed unlawful sexual conduct;"

b. That settlements in 2005 between the RCASF and Westport in the Clergy III cases, JCCP No. 4359, bar coverage under the ERC excess policy for at least four claims brought by one of more of the Claimants;

c. That one or more of the Underlying Claims were not caused by an occurrence that resulted in personal injury during the policy period that was neither expected nor intended from the standpoint of RCASF;

d. That one or more of the Underlying Claims allege personal injury outside the ERC excess policy period;

e. That the limits of liability of the policies underlying the ERC excess policy have not been exhausted either through adjudication or compromise with ERC's written consent.

f. That RCASF has not complied with the terms and conditions of the ERC excess policy.

under *Buss v. Superior Court*, 16 Cal.4th 35 (1997) and *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001), to seek reimbursement of its contribution to the settlement.[2]

Westport asserts that discrete coverage issues can and should be adjudicated now, including claims involving alleged abuse by Father Joseph Pritchard and claims released by RCASF pursuant to an earlier settlement, because the material facts relevant to those issues have already been adjudicated or are not being actively litigated in the underlying actions.

Settlement of the *JOHN SF-1 DOE,* case confirms that there is a present controversy regarding coverage under the ERC excess policy and that litigating those issues here can be done without creating any potential prejudice to RCASF regarding the issues presented by that case. Liability, damages, and causation are no longer being litigated in state court, and discovery in this action cannot influence the outcome of the now settled case or otherwise interfere with RCASF's defense of the action.

**RCASF's Statement:**

On August 21, 2023, RCASF filed for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 1101 *et seq.*, in the United States Bankruptcy Court for the Northern District of California. C.A. No. 23-30564. The filing was driven by RCASF's financial and logistical inability to "litigate the multitude of [sexual] abuse claims on multiple timelines," following the enactment of California Assembly Bill No. 218, which revived previously time-barred claims. BR Dkt. 14, ¶ 8, 53. At the time of the Petition, approximately 537 lawsuits were pending against RCASF, alleging sexual abuse by clergy and RCASF-affiliates. *Id.*, ¶ 53. RCASF estimated that initial demands could exceed $2 million per claim, potentially exposing it to liabilities "exceed[ing] its available assets, depending on

---

[2] Those cases are:

*(i) JOHN DOE SF 1013 v. Doe 1, a Religious Corporation Sole, et al.*, Case No. CGC-20-583648, in the Superior Court of San Francisco County, California;

and,

*(ii) JOHN SF-1 DOE v. DOE 1, a California corporation sole, et al*., Case No. CGC020-584162, In the Superior Court of San Francisco County, California.

insurance coverage." *Id.* at 15 ¶ 16.

One such insurance asset is an excess policy issued by Westport's predecessor with a policy period of July 8, 1972 to July 8, 1975. Rather than awaiting resolution of the underlying claims to assess its obligations under the policy, Westport initiated this adversary proceeding on October 8, 2025—more than two years after RCASF filed its bankruptcy—asserting that it has no present obligation to defend or indemnify unless and until underlying insurance is exhausted.  RCASF also disputes this contention and also disagrees with Westport's contention that these parties can now litigate coverage with respect to the recent settlement of two underlying cases.  That settlement has not yet been formalized and Westport seeks to obtain coverage declarations relative to two underlying cases that it could then apply to the more than 500 that remain.  That is the potential prejudice necessitating a stay or dismissal pursuant to *Montrose*, *supra.* that is at issue in the Stay Motion. RCASF respectfully submits that the Case Management Conference should be adjourned until after the adjudication of RCASF's pending Stay Motion and the relatedness of this case with the Travelers Adversary Proceeding (which may also involve pre-answer motion practice) is determined, as required by California Supreme Court and Supreme Court authorities.  Further, RCASF disagrees that Westport is entitled to reimbursement of defense or settlement costs, or any other affirmative relief.

### 3. <u>LEGAL ISSUES</u>

**Westport's Statement:**

Westport identifies the following disputed legal issues:

1. whether Westport owes a duty to defend or indemnify RCASF for any or all of the claims involving Father Pritchard;

2. whether by the 2005 settlement RCASF released Westport from coverage for certain claims;

3. whether alleged injuries constitute an "occurrence" and/or were neither expected nor intended;

4. whether alleged injuries occurred during the policy period;

5. whether RCASF can demonstrate exhaustion of underlying insurance;

6. whether RCASF complied with conditions precedent and other policy terms;

7. whether Westport is entitled to reimbursement for its contribution to settlement of the *JOHN SF-1 DOE v. DOE 1,* case;

**RCASF's Statement:**

RCASF agrees that the disputed legal issues may ultimately involve Westport's contractual obligations to defend and indemnify RCASF in connection with underlying lawsuits alleging sexual misconduct. However, given that Westport is not a primary insurer and admittedly has no present defense obligation, and for the reasons stated in RCASF's motion, the Complaint should be stayed or dismissed. For these reasons, and because the Travelers Adversary Proceeding will likely be deemed "related" to this case, RCASF respectfully submits that the Case Management Conference should be adjourned until after the adjudication of RCASF's pending Stay Motion and the relatedness of this case with the Travelers Adversary Proceeding (which may also involve pre-answer motion practice) is determined.

**4. MOTIONS**

**Westport's Statement:**

Prior Motions:

Westport moved to withdraw the reference; RCASF agreed that the matter should proceed in the District Court, and the reference was withdrawn. RCASF has moved to stay or dismiss the adversary proceeding. Westport opposed and asserted that targeted declaratory relief should proceed.

Anticipated Motions:

Westport anticipates filing:

- partial summary judgment that pursuant to prior settlements between the RCASF and Westport, RCASF released Westport from coverage for claims asserted by at least four underlying claims;

- partial summary judgment regarding the *JOHN SF-1 DOE* claim including the recent settlement including seeking reimbursement of Westport's contribution to the settlement;

- partial summary judgment that Westport has no duty to afford coverage to the RCASF for Underlying Claims that arise from allegations of abuse by Father Joseph Pritchard after December 31, 1973.

**RCASF's Statement:**

RCASF filed its Stay Motion, which is fully briefed. RCASF seeks to have the pleadings related to its Stay Motion before the District Court and set for hearing. RCASF anticipates a motion to withdraw the reference in the Travelers Adversary Proceeding followed by RCASF's motion to stay or dismiss that action before this Court. Ultimately, the extent to which Westport or Travelers have any duty to defend RCASF in connection with the underlying claims can be resolved on summary judgment. However, RCASF respectfully submits that the Case Management Conference should be adjourned until after the adjudication of RCASF's pending Stay Motion and the relatedness of this case with the Travelers Adversary Proceeding (which may also involve pre-answer motion practice) is determined.

5. **AMENDMENT OF PLEADINGS**

**Westport's Statement:**

Westport anticipates filing an amended complaint to address the recent *JOHN SF-1 DOE* settlement and Westport's reimbursement claim.

**RCASF's Statement:**

RCASF filed its Stay Motion and attached a proposed answer in the event the motion is denied in its entirety. If the Stay Motion is denied in its entirety, RCASF may file an amended responsive pleading and anticipates similar motion practice in the Travelers Adversary Proceeding which may be deemed related to this case.

6. **EVIDENCE PRESERVATION:**

**Westport's Statement:**

Westport has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and has taken reasonable and proportionate steps to preserve relevant evidence. Westport believes a Rule 26(f) conference should occur promptly. When attempting to schedule the Rule 26(f) conference, counsel for RCASF stated its view that the Initial Case Management

Conference should be stayed pending adjudication of RCASF's upcoming motion; Westport disagreed and stated that the District Court should address both the motion and case management and that Westport anticipates amending its complaint.

**RCASF's Statement:**

RCASF reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and has taken reasonable and proportionate steps to preserve relevant evidence.

## 7. DISCLOSURES:

**Westport's Statement**:

No Rule 26(a)(1) disclosures have been made to date. Initial disclosures were not exchanged during the pendency of the bankruptcy stay or prior to withdrawal of the reference. Westport is prepared to exchange disclosures following the Rule 26(f) conference.

**RCASF's Statement:**

No Rule 26(a)(1) disclosures have been made to date. Initial disclosures were not exchanged during the pendency of the bankruptcy stay or prior to withdrawal of the reference. RCASF believes that all disclosures should be held in abeyance until the pending Stay Motion against Westport is adjudicated and the similar stay motion RCASF anticipates filing in connection with the Travelers Adversary Proceeding is adjudicated should the reference be withdrawn and the cases be deemed related.

## 8. DISCOVERY:

**Westport's Statement**:

No formal discovery has been taken due to the bankruptcy stay and withdrawal-of-reference process. Westport proposes phased discovery focused initially on the prior settlement agreement and release, and *JOHN SF-1 DOE* claim issues, including non-privileged documents and information concerning:

- the effect of the 2005 jury verdict and judgment;
- the 2005 settlement and release;
- issues relevant to reimbursement of the *JOHN SF-1 DOE* settlement payment by Westport.

Such discovery will not prejudice RCASF because the underlying *JOHN SF-1 DOE* case has been fully resolved and cannot be influenced by discovery in this action.

**RCASF's Statement:**

No formal discovery has been taken due to the bankruptcy stay, withdrawal-of-reference process and RCASF's pending Stay Motion. RCASF respectfully submits that no discovery should be taken until the pending dispositive motion against Westport is decided and the anticipated dispositive motion against Travelers is decided.

**9. CLASS ACTIONS:**

Not applicable

**10. RELATED CASES:**

**Westport's Statement**:

This proceeding is related to the RCASF chapter 11 case pending in the United States Bankruptcy Court for the Northern District of California and to other related coverage adversary proceedings filed by St. Paul Fire and Marine Insurance Company and Travelers Casualty and Surety Company, Case No. 26-03001, United States Bankruptcy Court, N.D. Cal.

**RCASF's Statement:**

Counsel for Travelers in the Travelers Adversary Proceeding deem the Travelers Adversary Proceeding to be related to the action presently before this Court. Thus, the Travelers Adversary Proceeding, which has substantially similar causes of action and requests for relief as those asserted by Westport (and which the insurers deem to be related), will likely also ultimately be before this Court following an anticipated motion to withdraw the reference.

**11. RELIEF**

**Westport's Statement:**

Westport seeks declaratory relief that it owes no duty to defend or indemnify RCASF for more than 100 clergy abuse claims tendered under the excess policy. Westport seeks resolution of discrete coverage issues to determine its rights and obligations under the ERC excess policy and whether it is entitled to reimbursement for its contribution to the *JOHN SF-1 DOE* settlement. Westport anticipates amending its complaint to seek declaratory relief confirming its right to

reimbursement for its settlement contribution.

**RCASF's Statement:**

RCASF is not yet in a position to determine the extent of the relief to which it may be entitled from Westport or Travelers. At the appropriate time, RCASF may seek declarations regarding Westport and Travelers' respective duties to defend and indemnify RCASF. RCASF may also assert causes of action sounding in breach of contract and for bad faith.

**12. SETTLEMENT AND ADR**

**Westport's Statement**:

The parties are engaged in mediation efforts within the bankruptcy case. Westport supports continued mediation but asserts that adjudication of targeted coverage issues is necessary to enable meaningful valuation of the remaining Released Cases and to avoid prejudicing Westport by requiring it to fund defense or settlement without a coverage determination. Westport believes phased adjudication will facilitate, rather than hinder, mediation and that delay or abstention would impair valuation and distort allocation.

**RCASF's Statement:**

The parties are engaged in mediation efforts within the bankruptcy case. RCASF supports continued mediation and asserts that coverage litigation during the pendency of that mediation will hinder those efforts. RCASF further asserts that, under California law, the duty to indemnify cannot and should not be adjudicated until the underlying matters are resolved.

**13. OTHER REFERENCES**

**Westport's Statement:**

Westport does not believe referral to a special master, binding arbitration, or the Judicial Panel on Multidistrict Litigation is appropriate at this time.

**RCASF's Statement:**

RCASF does not believe referral to a special master, binding arbitration, or the Judicial Panel on Multidistrict Litigation is appropriate at this time.

/ / /

/ / /

**14. <u>NARROWING OF ISSUES</u>**

**Westport's Statement:**

Westport proposes early, phase-one adjudication of the following issues:

1. whether injuries arising from alleged abuse by Father Pritchard constitute an "occurrence" or were expected or intended given the prior jury verdict that "the Archbishop of San Francisco, by December 31, 1973, kn[e]w or ha[d] reason to know, or was . . . otherwise on notice, that Father Joseph Pritchard had committed unlawful sexual conduct…";

2. whether RCASF released Westport from coverage for certain claims by virtue of the 2005 settlement;

3. whether Westport is entitled to reimbursement for its contribution to settlement of the *JOHN SF-1 DOE* claim;

Resolution of these issues will clarify coverage exposure, inform mediation, and advance valuation in the bankruptcy proceeding.

**RCASF's Statement:**

RCASF respectfully submits that consideration of how to narrow issues cannot meaningfully be assessed until such time as the relatedness of the Travelers Adversary Proceeding is determined and RCASF's pre-answer motions are adjudicated.

**15. <u>SCHEDULING</u>**

**Westport's Statement:**

Westport suggests phased scheduling, with Phase One devoted to targeted discovery and dispositive motion briefing on the issues noted in section 14, and Phase Two for any remaining issues if necessary.[3]

Proposed Phase One schedule:

- Fact discovery: 3–4 months,
- Summary judgment briefing: 60 days after close of Phase One fact discovery,

---

[3] This would be consistent with the approach taken in the *Roman Catholic Bishop of Oakland v. Travelers Casualty and Surety Company, et al.,* 24-cv-00709-JSC, coverage litigation where Judge Corley has ordered "the parties shall proceed to obtain all the written discovery they believe is needed in this insurance coverage dispute." See attached ECF Dkt. 166.

• Status conference thereafter to address Phase Two.

Westport proposes the following schedule:

| | |
|---|---|
| Deadline to Amend Pleadings | 02/24/2026 |
| Close of Fact Discovery | 06/24/2026 |
| Deadline to file Rule 56 Motions | 8/17/2026 |
| Hearing on Rule 56 Motions | 10/7/2026 at 2:00 p.m. |
| Expert Disclosures and Reports | 4/6/2027 |
| Rebuttal Designations | 4/27/2027 |
| Close of Expert Discovery | 05/25/2027 |
| Last Day to hear Law and Motion | 06/23/2027 at 2:00 p.m. |
| MILS/Objections to Evidence | 07/20/2027 |
| Responses to MILS/Objections to | 08/03/2027 |
| Replies | 08/17/2027 |
| Joint pretrial conference statement | 08/30/2027 |
| Pretrial Conference | 09/13/2027 at 2:00 p.m. |
| Jury Trial (7-10 days) | 09/27/2027 at 8:30 a.m. |

**RCASF's Statement:**

RCASF respectfully submits that the Case Management Conference should be adjourned as required by California Supreme Court and Supreme Court authorities until after the adjudication of RCASF's pending motion and the relatedness of this case with the Travelers Adversary Proceeding (which may also involve pre-answer motion practice) is determined. With regard to Westport's reference to an order regarding discovery in the Roman Catholic Bishop of Oakland adversary proceeding against the debtor's insurers, for the reasons discussed in RCASF's reply in further support of its pending Stay Motion, including the fact that the insured commenced that action, the granting of limited document discovery in *Roman Catholic Bishop of Oakland* is distinguishable and inapposite here.

**16. TRIAL**

**Westport's Statement:**

Westport included a demand for jury trial in its complaint. Westport estimates the length of trial will be approximately 7-10 court days. Westport recommends trial in the Fall of 2027.

**RCASF's Statement:**

RCASF's responsive pleadings will include demands for a jury trial. RCASF cannot presently anticipate the length of any such trial given the uncertainty regarding the number of insurers that may be involved, the coverage issues implicated and the number of underlying claims for which coverage is sought.

### 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Westport's Statement**:

The Committee intervened in the Adversary Proceeding and has been actively participating in insurance-related discovery in the main chapter 11 case. In addition, Westport filed its Corporate Disclosure Statement with this Court on November 4, 2025 [DKT 11].

**RCASF's Statement:**

RCASF will file its Corporate Disclosure Statement with this Court forthwith.

Dated: January 27, 2026

**BLANK ROME LLP**

By: /S/ Jeffrey L. Schulman
Barron L. Weinstein, State Bar No. 67972
2029 Century Park East
Los Angeles, CA 90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434
Email:     barry.weinstein@blankrome.com

Jeffrey L. Schulman (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5145
Facsimile: (212) 885-5001
Email:     jeffrey.schulman@blankrome.com

    -and-

**FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP**

Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Mikayla E. Kutsuris, State Bar No. 339777
500 Capitol Mall, Suite 2250

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 • FAX (415) 352-6224

13                                    Case No. 3:25-cv-09314
INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Sacramento, California 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
mkutsuris@ffwplaw.com

*Attorneys for The Roman Catholic Archbishop of San Francisco*

**SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC**

Dated: January 27, 2026   By: /s/ Blaise S. Curet (Digitally Signed)

Blaise S. Curet, State Bar No. 124983
Melissa A. Dubbs, State Bar No. 163650
2000 Powell Street, Suite 830
Emeryville, California 94608
Telephone: (415) 352-6200
Facsimile: (415) 352-6224
Email: bcuret@spcclaw.com
mdubbs@spcclaw.com

-and-

**PARKER, HUDSON, RAINER & DOBBS LLP**

Harris B. Winsberg (admitted *pro hac vice*)
Matthew M. Weiss (admitted *pro hac vice*)
Matthew G. Roberts (admitted *pro hac vice*)
303 Peachtree Street NE, Suite 3600
Atlanta, Georgie 30308
Telephone: (404) 523-5300
Facsimile: (404) 522-8409
Email: hwinsberg@phrd.com
mweiss@phrd.com
mroberts@phrd.com

-and-

Todd C. Jacobs (admitted pro hac vice)
John E. Bucheit (admitted pro hac vice)
Two N. Riverside Plaza, Suite 1850
Chicago, Illinois 60606
Telephone: (312) 477-3305
Email: tjacobs@phrd.com
jbucheit@phrd.com

-and-

**LAW OFFICE OF ROBIN CRAIG**

Robin D. Craig, State Bar No. 130935
6114 La Salle Avenue, No. 517
Oakland, California 94611
Telephone:	(510) 549-3330
Email:	rdc@rcraiglaw.com

*Attorneys for Westport Insurance Corporation f/k/a Employers Reinsurance Corporation*

**BURNS BAIR LLP**

Dated: January 27, 2026	By:	/S/ Jesse J. Bair
			Timothy W. Burns (admitted *pro hac vice*)
			Jesse J. Bair (admitted *pro hac vice*)
			Brian P. Cawley (admitted *pro hac vice*)
			10 East Doty Street, Suite 600
			Madison, Wisconsin 53703
			Telephone:	(608) 286-2808
			Email:	tburns@burnsbair.com
				jbair@burnsbair.com
				bcawley@burnsbair.com

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**

James I. Stang, State Bar No. 94435
Brittany M. Michael (admitted *pro hac vice*)
Gail Greenwood, State Bar No. 169939)
One Sansome Street, Suite 3430
San Francisco, California 94104-4436
Telephone:	(415) 263-7000
Email:	jstang@pszjlaw.com
	bmichael@pszjlaw.com

*Attorneys for the Official Committee of Unsecured Creditors*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN CATHOLIC BISHOP OF OAKLAND,<br><br>    Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY & SURETY COMPANY, et al.,<br><br>    Defendants. | Case No. 24-cv-00709-JSC<br><br>**ORDER RE: MOTION TO HOLD CASES IN ABEYANCE**<br><br>Re: Dkt. No. 146 |

Pending before the Court is Plaintiff's motion to hold this case in abeyance until the resolution of Plaintiff/Debtor's confirmation process for its Plan of Reorganization filed in the Plaintiff/Debtor's Chapter 11 bankruptcy case. (Dkt. No. 146.)[1] For the reasons discussed at the January 16, 2025 hearing, the motion is GRANTED in part. This action is STAYED except for written discovery. In particular, the parties shall proceed to obtain all of the written discovery they believe is needed in this insurance coverage dispute.

To this end, by March 3, 2025, the parties shall jointly provide the Court with a written and thorough update on the status of discovery in this action, and also on the status of the bankruptcy proceedings and confirmation of the Plan of Reorganization. Upon review of the joint statement, the Court may schedule a further case management conference and/or a deadline for a further written status update.

This Order disposes of Docket No. 146.

**IT IS SO ORDERED.**

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Dated: January 17, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge