| | |
|---|---|
| Paul J. Pascuzzi, State Bar No. 148810<br>Jason E. Rios, State Bar No. 190086<br>Thomas R. Phinney, State Bar No. 159435<br>Mikayla E. Kutsuris, State Bar No. 339777<br>FELDERSTEIN FITZGERALD<br>　WILLOUGHBY PASCUZZI & RIOS LLP<br>500 Capitol Mall, Suite 2250<br>Sacramento, CA 95814<br>Telephone:　(916) 329-7400<br>Facsimile:　(916) 329-7435<br>Email:　　ppascuzzi@ffwplaw.com<br>　　　　　jrios@ffwplaw.com<br>　　　　　tphinney@ffwplaw.com<br>　　　　　mkutsuris@ffwplaw.com | Barron L. Weinstein, State Bar No. 67972<br>BLANK ROME LLP<br>2029 Century Park East<br>Los Angeles, CA 90067<br>Telephone: (424) 239-3400<br>Facsimile: (424) 239-3434<br>Email: barron.weinstein@blankrome.com<br><br>Jeffrey L. Schulman NY Bar No. 3903697<br>BLANK ROME LLP (*Pro hac vice*)<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 885-5145<br>Facsimile: (212) 885-5001<br>Email: jeffrey.schulman@blankrome.com |

Attorneys for The Roman Catholic Archbishop of San Francisco

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>　THE ROMAN CATHOLIC ARCHBISHOP<br>　OF SAN FRANCISCO,<br>　Adversary Proceeding Litigation. | Case No. 3:25-cv-09314-WHO |
| WESTPORT INSURANCE CORPORATION,<br>　　　Plaintiff,<br>　v.<br>THE ROMAN CATHOLIC ARCHBISHOP<br>OF SAN FRANCISCO, et al.,<br>　　　Defendant. | **STATEMENT IN SUPPORT OF RELATING THE CASES** |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY,<br>　　　Plaintiff,<br>　v.<br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, a corporation sole,<br>　　　Defendant. | Case No. 4:26-cv-01138-JST |

1

Pursuant to Civil Local Rules 3-12(c) and 3-12(e), Defendant The Roman Catholic Archbishop of San Francisco (the "Debtor" or "Defendant"), in the above-captioned action (the "Westport Case") and the action recently removed from the bankruptcy court to the District Court for the Northern District of California, *St. Paul Fire and Marine Insurance Company v. The Roman Catholic Archbishop of San Francisco*, Case No. 26-cv-01138-JST (the "Travelers Case", and together with the Westport Case, the "Cases"), hereby submits this *Statement of Support of Relating the Cases* (the "Statement") stating the Debtor's belief that the Cases are related.

## I. FACTUAL BACKGROUND

1. This Westport Case is pending before this Court pursuant to the Court's docket text order entered on October 21, 2025 removing this adversary proceeding from the Bankruptcy Court for the Northern District of California.

2. The Travelers Case was removed to the Honorable Jon S. Tigar in this District pursuant to Judge Tigar's docket text order entered on February 5, 2026, removing the Travelers Case adversary proceeding from the Bankruptcy Court for the Northern District of California.

3. On February 20, 2026, the Honorable Jon S. Tigar issued a *Sua Sponte Judicial Referral for Purpose of Determining Relationship* (the "Referral") in the Travelers Case. [Doc. No. 4, Travelers Case]. The Referral was also filed in the Westport Case. [Doc. No. 48, Westport Case].

4. On February 12, 2026, the Debtor filed its *Motion to Stay Adversary Proceeding* (the "Westport Stay Motion") in the Westport Case. [Doc No. 47-1, Westport Case]. The Westport Stay Motion is set for hearing on March 11, 2026. [Doc. No. 47, Westport Case].

5. The Debtor intends to file a similar motion to stay the Travelers Case.

## II. LEGAL ANALYSIS

Since the court issued the Referral pursuant to Civil L.R. 3-12(c), the Defendant hereby submits this Statement in support of a determination that the Cases are related in response to the Referral pursuant to Civil L.R. 3-12(e) and Civil L.R. 3-12(a) and (d).

Civil Local Rule 3-12(a) provides that "an action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that

///

there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Here, the Cases are related within the meaning of Civil Local Rule 3-12(a) because they concern substantially the same parties and transactions or events. Specifically, both Cases involve requests by the Debtor's insurers for determinations of insurance coverage for the Debtor arising from underlying abuse claims asserted against the Debtor. Both Cases name the Debtor as a defendant and seek declaratory relief concerning issues involving the Debtor's insurance coverage. Additionally, as set forth above, the Debtor intends to file a similar motion to stay or dismiss in the Travelers Case as has already been filed in this case i.e. the Westport Stay Motion. Moreover, it appears likely that the Cases being before different Judges will result in an unduly burdensome duplication of labor and expense, as well as a risk of inconsistent results. Because the Cases involve similar underlying facts and substantially similar legal issues, assignment of the Cases to the same Judge would promote judicial economy and avoid inconsistent results.

### III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Cases be assigned to Judge Orrick in accordance with Civil L.R. 3-12. In compliance with Civil L.R. 3-12(e), this Statement will be served on all parties and lodged with the Chambers of all Judges.

Dated: February 27, 2026

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: /s/ Paul J. Pascuzzi
Paul J. Pascuzzi
Jason E. Rios
Attorneys for The Roman Catholic
Archbishop of San Francisco