UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, a corporation sole,<br><br>Defendant. | Case Nos. 25-cv-09314-RFL (lead case), 26-cv-01138-RFL, 26-cv-06863-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. Nos. 71, 85, 39 (in 26-cv-01138-RFL) |

The Court requests that the parties be prepared to address the following questions at the hearing on the Roman Catholic Archbishop of San Francisco's motions to stay, set for October 6, 2026, at 10:00 a.m., in Courtroom 4 on the 17th floor of the San Francisco Courthouse:

1. The insurers contend that a stay of the Seventh and Eighth Causes of Action might prevent them from asserting their claim for reimbursement of the *John SF-1 Doe* and *JOHN DOE SF 1013* settlements before distributions are made in the Chapter 11 process. Would confirmation of a Chapter 11 plan discharge the insurers' claims for reimbursement? *See* 11 U.S.C. § 1141(d). Assuming it would:

    a. Have the insurers filed a proof of claim for such reimbursement already, as a contingent right to payment?

    b. If not, the insurers' request seems to be that these causes of action proceed to judgment, so they can file a belated claim. But wouldn't the insurers be equally able to preserve their rights by filing such a claim now, seeking a

contingent right to payment without having first obtained a judgment?

2. How can the Fourth Causes of Action be adjudicated without a record of when the relevant injuries occurred? Similarly, how can the Fifth Causes of Action be adjudicated without determining whether any incident is covered by a primary policy?

3. If the bankruptcy court confirms a plan eliminating RCASF's liability to survivors, and that decision becomes final after any appeals are exhausted, all significant prejudice to RCASF would seem to evaporate, and the stay should expire at that point. Do the parties agree? And, before that point, doesn't RCASF still face prejudice from litigating the coverage issues?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: October 2, 2026

RITA F. LIN
United States District Judge