UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Defendant. | Case Nos. 25-cv-09314-RFL (lead case), 26-cv-01138-RFL, 26-cv-06863-RFL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STAY**<br><br>Re: Dkt. Nos. 71, 85, 39 (in 26-cv-01138-RFL) |

The Roman Catholic Archbishop of San Francisco ("RCASF") filed for bankruptcy after facing over 500 lawsuits alleging that it permitted and concealed childhood sexual abuse. RCASF tendered those lawsuits to its insurers for coverage. In this consolidated action, four of its insurers—Westport Insurance Corporation, St. Paul Fire and Marine Insurance Company, Travelers Casualty and Surety Company, and Appalachian Insurance Company—seek declarations that they do not have to defend or indemnify RCASF for these lawsuits as well as reimbursement for purportedly uncovered settlements. Before consolidation, the Westport case was mostly stayed. *Westport Ins. Corp. v. Roman Cath. Archbishop of S.F.*, 833 F. Supp. 3d 1057, 1063 (N.D. Cal. 2026). RCASF now moves to extend that stay to both new claims added in the Westport case and to most claims brought by the other insurers. For the reasons stated below, the motions to stay are **GRANTED IN PART** and **DENIED IN PART**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

***Legal Standard.*** The parties agree that the motions can be evaluated under the standard

set forth in *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). (Dkt. No. 72 at 9; Dkt. No. 75 at 11; Dkt. No. 100 at 11; Dkt. No. 101 at 5.)[1]

***First and Third through Sixth Claims in St. Paul and Appalachian Complaints.*** Consistent with the prior order addressing the Westport complaint, these claims will be stayed. The insurers have not demonstrated any damage would result from a stay. *See Westport*, 833 F. Supp. 3d at 1062. They will be able to litigate their entitlement to reimbursement for settlements as part of the seventh and eighth claims, as further discussed below.

By contrast, RCASF will suffer hardship if forced to fight a "two-front war" involving highly prejudicial evidence. *See id.* at 1062–63. As discussed in the prior order, it seems almost certain that the first and third claims will require evidence beyond the 2005 Kavanaugh jury verdict. *See id.* at 1062. The fourth claim also might require prejudicial evidence about when the relevant injuries occurred. While the insurers assert that claim can be adjudicated simply by interpreting the policies' language, the claim's allegations sweep more broadly, and it does not appear practicable to sever just that legal theory from the remainder of the claim. Similarly, the fifth claim requires determining whether any primary insurer owes coverage for each lawsuit, which would naturally require prejudicial evidence to determine the applicability of any exclusions in the primary policy. Finally, as to the sixth claim, the insurers would likely need to present prejudicial evidence to show that RCASF violated terms and conditions of their policies. While a bankruptcy plan eliminating RCASF's liability to the survivors would also eliminate this prejudice, the bankruptcy plan has not yet been confirmed, so the prejudice continues.

A stay of these claims will also advance the orderly course of justice because "[t]he state court findings in the underlying actions regarding RCASF's knowledge will bear on the first and third through sixth claims in this case." *See id.* at 1063 (citation omitted).

***Seventh and Eighth Claims.*** These claims will be mostly stayed. Even though RCASF is currently in bankruptcy and the insurers contend they are entitled to reimbursement for

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

uncovered settlements, a partial stay will not damage the insurers. First, the insurers will still be able to litigate one theory for why they are entitled to reimbursement, alleviating the potential for any damage. Moreover, though confirmation of a Chapter 11 plan typically discharges preexisting debts, the reorganization plan proposal would create a mechanism for the insurers to execute any future judgment.[2] The proposal expressly protects the rights of non-settling insurers, funds a trust to satisfy survivors' claims, and requires the trust to take on all of RCASF's obligations with respect to this litigation and other related insurer contribution claims. (*In re The Roman Catholic Archbishop of S.F.*, No. 23-30564 (Bankr. N.D. Cal.), Dkt. No. 2072 ¶¶ 1.1.64, 1.1.68, 1.1.129, 2.6, 4.1–4.5, 6.8.2, 10.4.) If that plan is confirmed, the insurers' rights are protected. It is possible that the trust would not have enough money to fully pay any judgment, but that is always a risk in litigation. *Cf. Westport*, 833 F. Supp. 3d at 1062. If the plan is not confirmed, the insurers have preexisting remedies in the bankruptcy process, as they can object to any plan that does not adequately protect their rights, and have effectively preserved their contingent claim by commencing these adversary proceedings.

Next, RCASF would suffer hardship by litigating some theories contained within the seventh and eighth claims, although it would not suffer hardship by litigating other theories. The seventh and eighth claims effectively combine the preceding claims to justify why Plaintiffs are entitled to reimbursement for two recent settlements between RCASF and individual survivors. Most of those theories for relief would require development and presentation of prejudicial evidence, as previously explained. But one theory is premised on a 2005 settlement between RCASF and its insurers. Litigating that theory would not be prejudicial, because it would "only require considering non-prejudicial issues of contract formation and enforceability, in addition to whether the claimants are related to those listed in the settlement and make claims 'aris[ing] out of' acts of sexual abuse." *See id.* at 1063. That the issue will be litigated as to particular

---

[2] The reorganization plan proposal is the proper subject of judicial notice. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citation omitted). Additionally, at the hearing, no party objected to taking judicial notice of the plan proposal.

lawsuits rather than in the abstract does not necessarily cause prejudice. *See Montrose Chem. Corp. v. Superior Ct.*, 6 Cal. 4th 287, 302 (1993) ("[W]hen the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment."). Moreover, because the settlement theory is factually distinct from the remaining theories, it is possible to effectively sever the claims in this way.

Finally, a partial stay of the prejudicial theories would advance the orderly course of justice, for the reasons stated above.

***Conclusion.*** The motions to stay are **GRANTED IN PART** and **DENIED IN PART**. The first and third through sixth claims in each complaint are stayed. The seventh and eighth claims in each complaint are stayed except as to the theory regarding the 2005 settlement between Plaintiffs and RCASF, which may proceed. The second claim also remains unstayed. For stayed claims, the stay extends to discovery, for the reasons discussed in the prior order. *See Westport*, 833 F. Supp. 3d at 1063. The parties shall continue to file status reports every six months regarding the status of the bankruptcy proceedings and underlying actions, consistent with the prior stay order. The parties shall also file a status report within fourteen days of plan confirmation in *In re The Roman Catholic Archbishop of S.F.*, No. 23-30564 (Bankr. N.D. Cal.). The stay will presumptively be lifted upon the effective date of a confirmed plan.

Because this action has been consolidated, Plaintiffs shall file a consolidated complaint that is consistent with their existing complaints by **December 7, 2026**. RCASF shall file an answer to that consolidated complaint by **January 4, 2027**, though it need only answer as to the unstayed claims. The parties shall also meet and confer and file a proposed case schedule for the unstayed claims by **December 7, 2026**.

**IT IS SO ORDERED.**

Dated: November 13, 2026

RITA F. LIN
United States District Judge